NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DANIEL JAMES LYNN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2026-1095

_____

Petition for review of the Merit Systems Protection Board in No. SF-0714-17-0702-C-1.

_____

Decided: July 16, 2026

_____

DANIEL JAMES LYNN, Curlew, WA, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by STEVEN MICHAEL MAGER, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before PROST, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Daniel Lynn, appearing pro se, petitions for review of a final decision[1] from the Merit Systems and Protection Board (Board) denying Mr. Lynn's petition for enforcement of his settlement agreement (Agreement) with the Department of Veterans Affairs (VA). *Lynn v. Dep't of Veterans Affs.*, No. SF-0714-17-0702-C-1, 2025 WL 2170239 (M.S.P.B. July 21, 2025) (*Decision*) (SAppx 1–29).[2] Because the Agreement unambiguously states that the settlement payment must be paid to Mr. Lynn (and not his designated representative), we *affirm*.

BACKGROUND

In 2017, the VA removed Mr. Lynn from his position of Police Officer. *Decision*, 2025 WL 2170239, at 1. Mr. Lynn subsequently sought Board review of his removal. In 2023, Mr. Lynn and the VA executed a settlement agreement resolving the dispute underlying the Board proceedings. *See id.* at 2; SAppx 34–37 (Agreement).

The Agreement "constitutes the entire understanding between the Parties and fully supersedes any and all prior . . . understandings pertaining to the subject matter." SAppx 35. The Agreement refers to Mr. Lynn as "Appellant" and Section 2(1) requires the VA to pay "Appellant" a lump sum settlement payment. *Id.* at 34. In turn, Mr. Lynn agreed, among other things, that he would "not be returned to his former position" at the VA. *Id.* at 35. To

---

[1]    The administrative judge issued an initial decision that became final 35 days later. 5 C.F.R. § 1201.113 (2024).

[2]    Because the electronic version of the *Decision* lacks page numbers, we refer to the page numbers listed in the Supplemental Appendix (SAppx) filed with the VA's Corrected Informal Brief. ECF No. 15.

receive his settlement payment, Mr. Lynn also agreed in Section 2(2) to:

> provide the Agency with a completed VA Form 10091 and any necessary paperwork to complete the vendorization process for payment within ten (10) business days from the date on which the final signature on the agreement, completed and signed by Brook Beesley, appellant's authorized representative with the exception of those which are marked OPTIONAL and Mr. Beesley need not complete, if he chooses not to do so.

*Id.* at 34–35. Mr. Beesley is Mr. Lynn's non-attorney representative. *Decision*, 2025 WL 2170239, at 6.

The VA denied the payment request submitted by Mr. Beesley because the form he submitted listed "BLB Federal Labor Mgmt. Consulting" under "PAYEE/VENDOR NAME" instead of Mr. Lynn. *Id.*; *see also* SAppx 38. According to the VA, the Agreement required that Mr. Lynn be listed as the payee. *See Decision*, 2025 WL 2170239, at 5.

Mr. Lynn petitioned the Board for enforcement and argued that the VA materially breached the Agreement. *See id.* at 22. The Board denied the petition, concluding that the Agreement's payment terms were unambiguous. *Id.* at 15. The Board explained that "Appellant," when used in the Agreement, refers to Mr. Lynn. *Id.* The Board also found that Mr. Lynn materially breached the Agreement in failing to provide Form 10091 with his own name as the payee.[3] *Id.* at 16–17.

---

[3]    Despite Mr. Lynn's breach, the VA represented below that it is prepared to pay the full amount directly to Mr. Lynn once he provides a compliant Form 10091 listing himself as payee. *Decision*, 2025 WL 2170239, at 21. In

Mr. Lynn timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

A settlement agreement is a contract, and its construction is a question of law we review de novo. *Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007) (citation omitted). "If a contract provision is clear and unambiguous, the court may not resort to extrinsic evidence to interpret it." *Premier Off. Complex of Parma, LLC v. United States*, 916 F.3d 1006, 1011 (Fed. Cir. 2019) (citation omitted). And when contract language is "unambiguous on its face, our inquiry ends and the plain language of the Agreement controls." *Id.* at 1011–12 (citation omitted).

Mr. Lynn argues that the Agreement unambiguously states that the payee of the settlement payment may be Mr. Beesley. *See* Pet'r's Informal Br. 8–9. In particular, he argues that because Section 2(2) of the Agreement allows Mr. Beesley to "complete[] and sign[]" the "vendorization paperwork," this unambiguously means that Mr. Beesley may be listed as the payee on VA Form 10091. *Id.*

The Agreement here, however, lacks any statement to that effect. In fact, it states the opposite. The Agreement lists Mr. Lynn as the "Appellant." SAppx 34. And Section 2(1) of the Agreement states that the VA "will pay Appellant a lump sum." *Id.* These provisions unambiguously specify that the VA must pay Mr. Lynn the settlement payment. Even though the Agreement specifies that Mr. Beesley will complete and sign the vendor paperwork, nothing

---

addition, the VA also "remains open" to executing an addendum to the Agreement to allow direct payment to Mr. Beesley, but Mr. Lynn explained below that he was unwilling to do that too. *Id.*

in the Agreement indicates that the VA may pay the settlement payment directly to Mr. Beesley or any entity other than Mr. Lynn.

Mr. Lynn argues that we should consider extrinsic evidence—a settlement agreement between the VA and a third party—to interpret the disputed Agreement terms. *See* Pet'r's Informal Br. 9. We cannot consider extrinsic evidence, however, to interpret or modify otherwise unambiguous contract language, even if it is relevant to a party's "course of dealing," as Mr. Lynn suggests. *See Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1375–76 (Fed. Cir. 2004); *see also* Pet'r's Informal Br. 9. We therefore agree with the Board's interpretation of the Agreement.

We are unconvinced by Mr. Lynn's remaining arguments. Mr. Lynn asserts that the Board improperly credited the VA's post-hoc rationalizations for why it refused to accept the form submitted by Mr. Beesley. Pet'r's Informal Br. 11. That argument is irrelevant to our analysis because the Board found, and we agree, that the Agreement language unambiguously resolves the parties' dispute. *Decision*, 2025 WL 2170239, at 15. Likewise, Mr. Lynn's suggestion that the VA violated its duty of good faith and fair dealing cannot prevail, *see* Pet'r's Informal Br. 9, because the VA's compliance with the unambiguous terms of the Agreement cannot violate that duty. *See Scott Timber Co. v. United States*, 692 F.3d 1365, 1375 (Fed. Cir. 2012).

## CONCLUSION

We have considered Mr. Lynn's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.